IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FLORA HALEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:99-CV-0204-JOF |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) [16].

On June 8, 1995, the Plaintiff filed an application for Disability Insurance Benefits with the Social Security Administration (R. 100-104). Plaintiff's claim was denied by an Administrative Law Judge (ALJ) in August 1997. The Appeals Council denied review. Plaintiff sought review in federal court. After review, this Court remanded the matter. Following a second administrative hearing, the ALJ denied the benefits in April 2003. The Appeals Council agreed with claimant's written exceptions, remanded the case, and specified that the case be assigned to another ALJ. After remand, on April 3, 2006, the new ALJ found the Plaintiff was entitled to disability insurance benefits since February 2002.

Plaintiff was entitled to retroactive benefits of $67,494.50. Of this amount, the Commissioner withheld $16,873.64 for possible attorney's fees. Plaintiff's attorney received $5,300 for attorney fees for administrative work under 42 U.S.C. § 406(a). Plaintiff's current motion seeks attorney's fees pursuant to 42 U.S.C. § 406(b) for court work only. The motion seeks the remaining $11,573.64 withheld by the Commissioner. Defendant does not oppose Plaintiff's motion.

Pursuant to the Social Security Act, 42 U.S.C. § 406(b), the Court "may determine and allow as part of its judgment a reasonable fee, not in excess of twenty-five (25) percent of the past due benefits to which the claimant is entitled . . . ." The Act further provides that the fee is to be paid out of, and not in addition to, the amount of past due benefits. *Id.*

The Court has reviewed Plaintiff's counsel's affidavit and finds that Plaintiff's counsel's fee is reasonable and does not exceed twenty-five percent of the past due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling, but rather directs district courts to review fees under those agreements for reasonableness).

For the foregoing reasons, the Court GRANTS Plaintiff's motion for attorney's fees [16] and approves Plaintiff's counsel's application for $11,573.64 in attorney's fees. Under *Gisbrecht*, however, Plaintiff's counsel must refund to Plaintiff the amount of fees he was awarded under the EAJA in the amount of $3,679.00. *See id.*, 535 U.S. at 796 (fee awards

2

may be made both under EAJA and out of past-due benefits award, but claimant's attorney must refund to the claimant the amount of the smaller fee).[1]

**IT IS SO ORDERED** this 20th day of June 2007.

                                                    s/ J. Owen Forrester
                                                    J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In May 2001, Plaintiff submitted an application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) for legal services provided in this federal court case. The Commissioner and Plaintiff agreed to $3,679.00 as attorney fees under the EAJA. The Court ordered the Commissioner to pay these fees and the undersigned has received them.

AO 72A
(Rev.8/82)